UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CARTER,

    Petitioner,                                                    Civil Action No. 15-CV-13200

vs.                                                           HON. BERNARD A. FRIEDMAN

THOMAS MACKIE,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS AND HOLD THE PETITION
FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

In this habeas case, petitioner was convicted in Wayne Circuit Court of two counts of first-degree criminal sexual conduct and sentenced to a lengthy prison term. The petition, as presently constituted, raises two claims: (1) trial counsel provided ineffective assistance of counsel by failing to object to expert testimony, and (2) trial counsel was ineffective for failing to object to a suggestive identification procedure at the preliminary examination. Now before the Court is petitioner's motion (docket entry 7) to stay this matter so that he may return to the state courts and exhaust additional claims of ineffective assistance of counsel. For the reasons stated below, the Court shall grant the motion.

Following his conviction and sentence, petitioner pursued an appeal of right. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Carter*, 2014 Mich. App. LEXIS 387 (Mich. Ct. App. Mar. 4, 2014). Petitioner appealed this decision, but his application for leave to appeal was denied. *People v. Carter*, 497 Mich. 855 (2014) (table). Petitioner filed the instant petitioner on September 9, 2015.

State prisoners must exhaust available state remedies for each of the claims presented

in a habeas petition before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise additional unexhausted claims in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In the present case, petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in dilatory tactics. He has alleged good cause for not previously exhausting his new claims because he asserts his appellate counsel was ineffective for failing to raise them during his direct appeal. The Court notes that respondent has not filed a response to petitioner's motion opposing his request for a stay. Dismissal of this case while petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The Court concludes that it should stay this case while petitioner pursues additional state remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, it "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. The Court shall therefore impose time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must pursue relief in the state courts by filing a motion for relief from

judgment in the trial court within 60 days of the date of this order, pursue a timely appeal in the state courts if the motion is denied, and then return to this Court within 60 days of exhausting his state court post-conviction remedies.  *See Hargrove v. Brigano*, 300 F.3d 717, 718 (6th Cir. 2002). Accordingly,

IT IS ORDERED that petitioner's motion to stay is granted.  The petition shall be held in abeyance pending completion of petitioner's state application for post-conviction review.  Petitioner must file his motion for relief from judgment within 60 days of the date of this order and then re-file his habeas petition—using the case number already assigned to this case—within 60 days after the conclusion of the state court post-conviction proceedings.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes only.  Nothing in this order shall be considered a dismissal or disposition of this matter.

IT IS FURTHER ORDERED that upon receipt of a timely motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall reopen this case.

        _s/Bernard A. Friedman_____
        BERNARD A. FRIEDMAN
        SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 4, 2016
      Detroit, Michigan